Good morning, Your Honors. May it please the Court, my name is David Avery. I'm from the Missoula Division of the Federal Defenders of Montana, and I'm here on behalf of Rhonda Caulfield. The overarching issue in this appeal concerns whether or not her sentence for possession of marijuana was properly enhanced on the basis of a prior state deferred sentence. And Ms. Caulfield submits that a careful review of both the factual-slash-procedural history of this case, as well as the relevant legal authority, reveals that her prior state deferred sentence was not a proper basis for enhancement, and that, in fact, enhancement based on that prior sentence amounts to improper intrusion into an area of law that's controlled by the states, namely deferral procedures and when convictions actually become final when there is a period of grace allowed for the defendant to comply with conditions, even though they're not. Why would it be required to follow state law on those points? This is a federal sentence, after all, isn't it? It is a federal sentence, Your Honor, and I think that if you look to Dickerson, which is a case that's discussed by most all of the other circuits, and I think this circuit, too, in cases that have touched on this issue, Dickerson deals with a statute that creates a new offense based on someone's possession of a firearm if they have a prior conviction. And in a rather lengthy, intricate caveat, Dickerson makes clear that other federal statutes might use the term conviction with qualifying language, and that in every federal statute, in every situation, the court needs to look at the plain language of the statute and how is the term conviction used. And in this statute, the term conviction is a conviction that has become final. And so it's not really how do we interpret the word conviction, it's how do we interpret the phrase conviction that has become final. Unfortunately, all the other circuits that have cited Dickerson have then not even addressed the caveat that I'm referring to, and I've quoted in my briefs, it's lengthy enough that I don't want to take the time to quote it again here, but the court clearly says you can't just see the word conviction, you've got to look at the other language that's around it. Well, we're supposed to, you know, in general, we've said that we don't look to the state law unless the statute tells us to do that. And the only case I can come up with where a court seemed to sidestep that was one case out of the Eighth Circuit. Do you know if there's other Federal Circuit cases where the circuit court, in a case where the statute didn't specifically tell us to look at state law, nonetheless did? Your Honor, I don't know of another case that speaks exactly to what you're asking. But I do know that this circuit, in a case regarding immigration offenses, immigration law, said that because Congress has, you know, complete control over immigration law, that states do not get to determine, or state law does not determine whether a prior conviction is final or whether it is a prior conviction. There has to be a Federal standard that applies throughout. Now, with respect to an enhancement of a criminal sentence or a criminal creating, you know, in this case taking a misdemeanor possession and turning it into a felony, there's not the same need for the Federal standard because actually the states are deemed to have preeminent control over criminal law. And it's only when the Federal authority must creep in and it must do so properly. Let me go at it a different way because, you know, you raise a lot of, I think, pretty interesting legal arguments. But here it seemed that Caulfield's conviction, even under Montana law, never even went through the hoops to end up, you know, not being final. I mean, it sort of like stalled midway, so to speak. Now, maybe she was told or, you know, was told something, but it never came to pass. So even if we took it under state law, wouldn't you lose? Are you asking because it wasn't – there wasn't this final hearing where – or a motion where then her deferred sentence was and the conviction was expunged, therefore? Right. I think, actually, that in some states that's the way it works. But in Montana, there's not the same kind of judgment that is issued at the time the conviction is – the guilty plea is accepted and there is a finding of guilt. But instead of a formal judgment, which there is not on the state – on the record here a judgment that comes out usually when a conviction is final in state court, there's an order, and the order is an order of grace. And the court – the state court says, I'm going to use my discretion and allow you this time period to comply with my conditions. And then if you do so, you can thereby – and this is the language used in this order – thereby earn no felony convictions on your record. And so at the end of it, there would be no felony conviction, correct? At the end of it. Prior to that time, there is. Is that correct? I think that actually there's – there's a conviction in the sense that Dickerson talks about where a guilty plea has been accepted and a guilty plea constitutes a conviction. But it's not yet final. It hasn't become final. And the only way it becomes final is if it's revoked. And here's where the intrusion in this – the intrusion in this case into state law occurs, is even though Ms. Caulfield was found to have marijuana a second time, which created this federal case, the state – and they're the ones supervising her. They're – I mean, we've got to give them some kind of, you know, knowledge of what's going on in her life. It had been four and a half years. They decided – her probation officer decided not to revoke her, not to file a petition to revoke. So then another year goes on. She hasn't had anything else happen. And right before the six years is up, the federal government comes in and indicts her. And so, in other words, the federal government is not satisfied with the fact that the state is not going to police her in the way that it has the discretion to do. And so then after the six years has run, the federal government then files an 851 saying that not only did they not – you know, they chose not to revoke her, but now we're going to enhance her and make this misdemeanor possession, the second possession, misdemeanor possession of marijuana a felony. So now she loses all her civil rights, which wouldn't have happened if she had been revoked, because in Montana she – well, actually, it couldn't have happened by way of after the six years because Montana restores all civil rights. So this is an intrusion, I think, into state-controlled area of law. And I think that – Why is it an intrusion for the federal government to file a criminal charge that it thinks is warranted and for the federal courts to look at federal law in deciding the impact of what the federal government has done? I don't think it's an intrusion for the federal government to file an indictment. What I do think it's an intrusion is for the federal government to then – I mean, I'm just saying – I'm suggesting that they did so in this case because they were just pleased with what the state had done. And then they enhanced her. They, again, did that even after her six years had run. They gave – the state still could have revoked her, and they didn't. And looking at the effect of the Montana statute, would you agree that she was found guilty and put on probation? Yes. All right. And so far, that's where we are. Nothing further has happened other than she pleads guilty, is put on probation, subject to a provision where she might expunge it later, which she has never done. On the other hand, though, Your Honor, it was never revoked. I understand that. But probation is a sentence. There has to be a finding of guilt, and probation is a sentence. And probation can be a final order for purposes of federal law. Right? Yes, but that kind of begs the question because I think it's state law. There's a control in this area because states, I mean, preeminently have the – or power to get the conviction expunged is on the record in Montana and has never been utilized by this defendant. So what we have, in fact, is an operative probation following a conviction. That's the status of the record right now, England. Right. But 844 says someone who commits simple possession, when there's a conviction that has become final – Okay. She had a conviction, but it had not become final. It would only become final, and this is according to the order and the deferred statute, deferred sentencing statute, if she were revoked. She was never revoked. That was the State's choice. What policy is advanced by the position you're taking here? Just because the State of Montana decided to be merciful after her first offense, I guess that's her first offense or state offense, why should that dictate that the Federal Government as to what now becomes in reality her second offense should be guided by the first State's policy with respect to the first offense? Your Honor, I think the policy is expressed clearly in Montana's statutory language with respect to drug crimes specifically, and that deferred sentences are preferred for first-time drug offenders. And it is a grace – it's a principle of grace that I think there are – No, she's not a first-time offender now, is she? Well – You're arguing that technically she is, but – Well, Your Honor, and also coupled with the fact that she has a person who's supervising her closely, and that person knows that she's gone four and a half of her six years, she's a mother, she's otherwise complied with all the conditions, and that's what probation officers do is they make those calls whether or not to petition to revoke. And if they don't, then the court doesn't sui sponte, revoke them. And in this case, that's the way – and that's the way it works in Federal court, too. With Federal probation officers, there's a work – there's a relationship between the defendant and the probation officers. So in this situation, I mean, I – the final thing I would say is this is possession of marijuana, and if anything is a State-controlled offense or should be, then that is more so than, say, selling methamphetamine or more important and dangerous drug offenses. Thank you. Thank you. You may have pleased the court once again. I would take issue with Mr. Avery's characterizations on a number of fronts, beginning with his suggestion of Federal authority creeping in. I think the Dickerson case is unequivocal on the question of whether or not Federal law applies here. And as the United States has cited in its brief at page 7, I'm quoting Dickerson, the meaning of the word conviction in a Federal statute is a question of Federal law unless Congress provides otherwise. In this statute, Congress has not provided otherwise, and as numerous other circuits around the country have concluded, as we've cited in our brief, Federal law does control this issue. Mr. Avery suggests all sorts of reasons that Ms. Caulfield might deserve a break. She's a mother. It's only possession of marijuana. He suggests that the government somehow has done her wrong by choosing to prosecute her for a crime, which I don't think there's any question she's committed here. Well, I would take issue with all those characterizations also. The United States has done nothing wrong by convicting a person who possessed marijuana. To be sure, it was a big mistake on her part to having received a deferred imposition of sentence to then, before the period of deferment has even run, to once again commit a crime. That certainly, however, is not the fault of the United States and shouldn't weigh in any policy way in her favor. This case is really about the facts of what really happened in life, and she can't avoid those facts. The facts are that she previously committed a drug crime. The facts are that she once again committed a drug crime, and that previous conviction is going to come back to haunt her, as it always would, because of her second conviction. I think even the law in Montana weighs against her arguments here. As this court has pointed out, Montana requires that she file a motion before she can get that deferment entered permanently into her record and have her record expunged. It says nothing about a period of grace. It says nothing about not having a conviction during that period. What it says is that your conviction would be dismissed at the end. Quoted from the statute, whenever a person has been found guilty of an offense upon a verdict of guilty or a plea of guilty, a sentencing judge may defer imposition of sentence. That's Montana Code Annotated 4618-2011A, cited in the government's brief at page 13. It states unequivocally that there has to be a finding of guilt before a deferred imposition of sentence is entered. That punishment, and probation is certainly punishment, clearly requires that there be a finding of guilt. The finality comes when she chooses not to appeal, and her time for appeal runs. And, just as with any conviction, there's an opportunity to appeal from a deferred imposition of sentence. It's unlike a deferred prosecution. It's not simply an agreement between the government and the defendant, which really would be a state of grace. This is a conviction which will remain final unless she files a motion to correct that. We've speculated here today about why she didn't file a motion, and I would suggest that the reason she didn't file a motion is because it's not going to be expunged because she's committed a new crime. That certainly takes her out of consideration for an expungement. She clearly has not followed the courts, the original courts, sentencing courts, conditions of probation, so why would she bother to file an expungement? The United States believes the law is very clear on this case on two fronts. The federal law is clear that a deferred imposition of sentence, even one that has been expunged, is sufficient to count for a sentence enhancement under 21 U.S.C. 841. However, Ms. Caulfield does not even have facts that strong on her side. All she is able to argue is that her sentence might have been expunged. It wasn't, however, and it wasn't for good reason because she didn't fulfill the terms of her probation. Therefore, her sentence remains on her record. Not that it goes on her record at the end. It simply remains on her record. Unless the court has questions, I will rest on this case. Thank you. I'll give you a minute for rebuttal if you would like. Thank you, Your Honor. I would just point out that in Yellowstone County where this occurred, the standard process, especially with indigent defendants, is that the probation officer is the person who helps file the motion for the defendant, and I think it's on the record in this case that it was a lapse rather than a choice not for this probation officer to file that. I will try to find a record site for that and supply it to the court. I also would point out the fact that there was an opportunity still for her to appeal an important aspect of her prior sentence, and that is if she had applied for expungement and the court had improperly denied her, she could have appealed that. It hasn't happened in Montana case law, but it just stands to reason that if the court has discretion to expunge her, then she would be able to appeal that if the court chose not to. There actually was a case under the prior statute where the Montana Supreme Court held that, addressed an appeal and said that expungement had to occur because the petition to revoke was filed after the term of probation had run, and that wasn't proper. The statute's been changed now. The petition can be filed before the term's run, and then expungement can be denied afterwards. But it's still an appealable issue. Thank you. I would just ask. One last point. All right. I would just ask, where on the record, the State record, is there something saying that she has a conviction? There is an order that says you're given this deferred sentence. The government's never shown me a conviction in the sense that here's a final conviction because your deferred sentence is now a real sentence. Thank you. Thank you, Your Honor. Thank both counsel. Thank you for appearing, Mr. Van Wettering, from Montana. And the case of United States v. Caulfield is submitted.
judges: Cudahy , T.G. Nelson, McKeown